**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**JOHN A. PARKINS, JR.**
*JUDGE*

**NEW CASTLE COUNTY COURTHOUSE**
**500 NORTH KING STREET, SUITE 10400**
**TELEPHONE: (302) 255-2584**

May 11, 2016

Richard Galperin, Esquire
Joshua H. Meyeroff, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306

> **Re: Alissa Porter**
> **v. Christiana Care Health Services, Inc.,**
> **a Delaware corporation, et al**
> **C.A. No. N16C-02-231 JAP**

Dear Counsel:

Presently before the court are requests from some of the defendants to determine whether the Affidavit of Merit filed by Plaintiff satisfies 18 *Del. C.* § 6853. The court has done so and finds that the affidavit satisfies the requirements found in section 6853.

In their requests to review the Affidavit of Merit the defendants ask the court to determine if the "Affidavit of Merit states all its opinions with reasonable medical probability." The affiant expresses his opinions to a reasonable degree of medical probability. The court takes this occasion to note that this may be greater than the standard required by section 6853. Nowhere does the statute require that opinions in Affidavits of Merit be

expressed to a reasonable degree of medical probability. All that is required is that a qualified expert attest "that there are reasonable grounds to believe that the applicable standard of care was breached by the named defendant or defendants and that the breach was a proximate cause of injury or injuries claimed in the complaint." 18 *Del. C.* § 6853(c). It seems to the court that the "reasonable grounds to believe" specified in the statute is not as stringent as "reasonable degree of medical probability." The court is aware, of course, that expert trial testimony must meet the reasonable-degree-of-medical-probability standard. But the purpose of affidavit of merit requirement of section 6853 is to screen frivolous medical negligence claims. That limited purpose does not require the same degree of reliability required of trial testimony. As the Supreme Court has written:

> This Section requires that a qualified medical professional review a plaintiff's claim, to determine and then to state that there are reasonable grounds to believe that the health care provider breached the applicable standard of care that caused the injuries claimed in the complaint. Medical experts need not couch their opinions in legal terms, state the facts that underly their determination, or to articulate the standard of care with a high degree of legal precision or "magic words."

*Dishmon v. Fucci*, 32 A.3d 338, 344 (Del. 2011) (internal footnotes omitted.)

Very truly yours,


John A. Parkins, Jr.

oc:    Prothonotary

cc:    Robert J. Leoni, Esquire, Shelsby & Leoni, Wilmington, Delaware